UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRETTA SCOTT McCRAY,

    Plaintiff,

v.                                                              CASE NO. 3:17-cv-1026-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits ("DIB"). Plaintiff alleged disability as of June 6, 2014. (Tr. 13, 129.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on August 23, 2016, at which Plaintiff was represented by an attorney. (Tr. 34-46.) The ALJ found that Plaintiff was not disabled from June 6, 2014, the alleged onset date, through September 29, 2016, the date of the decision.[2] (Tr. 13-22.)

Plaintiff is appealing the Commissioner's decision she was not disabled as of June 6, 2014. Plaintiff has exhausted her available administrative remedies

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 12, 14.)

[2] Plaintiff had to establish disability on or before December 31, 2020, her date last insured, in order to be entitled to a period of disability and DIB.

and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is due to be **AFFIRMED**.

I. **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues one general point on appeal. Plaintiff argues that the ALJ erred by disregarding the Medical Vocational Guidelines ("GRIDS") in rendering his decision. Specifically, Plaintiff asserts that the GRIDS "should be reviewed to determine a correct result." (Doc. 16 at 4.) As a corollary, Plaintiff also argues that the ALJ lacked medical support for his finding that Plaintiff could perform medium work.

The Commissioner responds the ALJ properly sought testimony from the vocational expert ("VE") instead of relying on the GRIDS. The Commissioner also asserts substantial evidence supports the ALJ's finding that Plaintiff could perform medium work.

### A. The ALJ's Decision

The ALJ found that Plaintiff had "the following severe impairments: hyperthyroidism, hypertension, bilateral carpal tunnel syndrome and bilateral osteoarthritis of the hands." (Tr. 15 (internal citation omitted).) The ALJ then determined that Plaintiff had no impairment or combination of impairments that functionally equals the severity of the listings. (Tr. 17.) Continuing on with the evaluation, the ALJ found that Plaintiff has the residual functional capacity ("RFC") "to perform medium work . . . except that she can frequently handle and finger and cannot have exposure to concentrated vibrations." (*Id.*)

The ALJ found that Plaintiff could not perform her past relevant work. (Tr. 20.) The ALJ further explained that Plaintiff's "ability to perform all or substantially all of the requirements of [medium work] has been impeded by additional limitations," and then obtained VE testimony to help "determine the extent to which the[] limitations erode the unskilled medium occupational base." (Tr. 21.) Based on the VE's testimony, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, including the jobs of floor cleaner, order selector, and mini bar attendant. (*Id.*) The ALJ determined that Plaintiff was not disabled during the relevant time period. (*Id.*)

### B. No Error Was Committed By The ALJ

Plaintiff initially argues that the ALJ erred because the GRIDS "should be reviewed to determine a correct result" once Plaintiff reached advanced age (age 55 or older). (Doc. 17 at 4.) The undersigned disagrees.

First, Plaintiff referenced no statute, regulation, or case supporting her argument.[3] Second, exclusive reliance on the GRIDS is inappropriate when, as here, the "claimant is unable to perform a full range of work at a given [RFC] level

---

[3] To the extent Plaintiff believes 20 C.F.R. § 404.1562(b) applies, her belief is misplaced. Section 404.1562(b) applies to individuals who are 55 years old with no more than a limited education and no past relevant work experience, whereas Plaintiff has more than a limited education and past relevant work experience. *Compare* (Tr. 188 (noting that Plaintiff completed two years of college and had past relevant work experience as a cafeteria line server)) *with* 20 C.F.R. §§ 404.1562(b) ("If you have a severe, medically determinable impairment(s), are of advanced age, have a limited education or less, and have no past relevant work experience, we will find you disabled.") (internal citations omitted) & 404.1564(b)(3) ("We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.").

or when a claimant has non-exertional impairments that significantly limit basic work skills."[4]  *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). Ordinarily, when non-exertional impairments are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a [VE]."  *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see also Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989) ("Ordinarily, when non-exertional limitations are alleged, [VE] testimony is used.").

The ALJ found that Plaintiff had the RFC to perform medium work with non-exertional limitations, including frequent handling and fingering, and avoiding exposure to concentrated vibrations.  (Tr. 17.)  The ALJ determined that the GRIDS would direct a finding of "not disabled" if Plaintiff could perform the full range of medium work, but Plaintiff's "ability to perform all or substantially all of the requirements of th[e] level of work has been impeded by additional limitations."  (Tr. 21.)  The ALJ then properly sought VE testimony to determine whether Plaintiff could perform her past relevant work or whether jobs existed in the national economy that Plaintiff could perform, given the additional non-exertional impairments attributed to Plaintiff.  *See, e.g.*, *Miller v. Comm'r of Soc.*

---

[4] "Nonexertional activities include maintaining body equilibrium, crouching, bending, stooping, *using fingers*, seeing, hearing or speaking, mental function and *tolerating environmental working conditions*."  *Watson v. Astrue*, 376 F. App'x 953, 956 n.7 (11th Cir. 2010) (emphasis added).

5

*Sec.*, 241 F. App'x 631, 635 (11th Cir. 2007) (finding that the ALJ "correctly followed [the step five] requirements" where "the ALJ determined that, although the [GRIDS] would ordinarily support a finding of 'not disabled' in [the plaintiff's] case, the ALJ [] utilize[d] the VE's testimony to establish whether a significant number of jobs existed for [the plaintiff] in the national economy because [the plaintiff's] ability to perform all or substantially all of the requirements of light work was impeded by his exertional and nonexertional limitations"). Finally, had the ALJ relied exclusively on the GRIDS as Plaintiff suggests, it appears the ALJ would still have determined that Plaintiff was "not disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 203.06, 203.14, 203.21, 203.28 (dictating that a finding of "not disabled" be made when the individual can perform medium work, is a high school graduate, and has unskilled or no past relevant work experience).

Plaintiff ultimately concedes that a finding of "not disabled" would be correct "if she is limited to a medium [RFC]," but apparently disagrees with the ALJ's RFC determination and believes she can only perform light work. (Doc. 16 at 5.) However, Plaintiff failed to state why she believes she is only limited to light work. Plaintiff merely asserts that the ALJ lacked medical support "for the weights that can be lifted to determine if [Plaintiff] is able to perform medium work or light work." (*Id.*) Contrary to this assertion, however, the ALJ referenced substantial evidence supporting his RFC determination. The ALJ provided

6

significant weight to the state agency reviewing physician, Gloria Hankins, M.D., who opined that Plaintiff could perform medium work (including lifting and/or carrying fifty (50) pounds occasionally and twenty-five (25) pounds frequently) with limitations, and explained his reasons in the decision. (Tr. 19, 65.) The ALJ also referenced Plaintiff's daily activities (going to the gym, driving, performing household chores, helping with grocery shopping, and making simple meals) as consistent with the RFC determination. (Tr. 19, 39-40, 294.) The ALJ provided great weight to the consultative report of Cathy Whitley, M.D., who examined Plaintiff and assessed only a mild limitation for gripping with her right hand. (Tr. 20, 293-99.) The ALJ's RFC determination is supported by substantial evidence.

While Plaintiff apparently takes exception to Dr. Hankins's determination that Plaintiff's gross and fine manipulation abilities were "limited" without commenting as to what extent, the ultimate responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. § 404.1527(d)(2) (2016). The ALJ made the ultimate determination here and that determination is supported by substantial evidence.

### III.    Conclusion

The question presented is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the

undersigned affirms the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on April 10, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record